RECEIVED

2014 APR 18 PM 2:09

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICHARD HARTMAN,**

    **Plaintiff,**

v.

CASE NO.: 8:14 CV 931 35 TBM

**HSBC CARD SERVICES INC.**
**d/b/a ORCHARD BANK,**

    **Defendant.**

**VERIFIED COMPLAINT FOR**
**UNLAWFUL COLLECTION**
**PRACTICES**

**JURY TRIAL DEMANDED**

_____/

## VERIFIED COMPLAINT

Plaintiff Richard Hartman, by and through undersigned counsel, sues HSBC Card Services Inc. d/b/a Orchard Bank and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to the Florida Consumer Collection Practices Act ("FCCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the federal Telephone Consumer Protection Act, 47

1

U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

4 Plaintiff Richard Hartman ("Hartman") is a natural person resident in the City of Hudson, County of Pasco, State of Florida, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3), Fla. Stat. § 559.55(2), and a person under 47 U.S.C. § 227 *et seq*.

5. Defendant HSBC Card Services Inc. ("Defendant" or "HSBC") d/b/a Orchard Bank, is a Delaware corporation, does business in the State of Florida, and is a "creditor" as that term is defined by Fla. Stat. § 559.55(3), as well as a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227 *et seq*.

6. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

## **FACTUAL ALLEGATIONS**

7. Hartman owed a debt to HSBC (the "Debt") before defaulting on that Debt.

8. On February 1, 2012, Hartman sent HSBC a letter by U.S. Certified Mail, Return Receipt Requested (the "Cease & Desist Letter").

9. In the Cease & Desist Letter, Hartman told HSBC:

"[P]lease take notice that I DO NOT consent to be contacted on my cellular telephone, the number of which is [redacted]-827, by anyone from your organization, or on behalf of your organization. This includes any successors in interest to matters pertaining to the above credit card account.

If you company somehow feels that it has previously received consent to call me at [redacted]-8287, please be advised that ANY SUCH CONSENT IS HEREBY REVOKED." (emphasis in original).

10. HSBC received the Cease & Desist Letter on February 6, 2012.

11. Despite Hartman revoking his consent to be called on his cell phone, HSBC continued to call Hartman on his cell phone using an automated telephone dialing system.

12. Between February 1, 2012 and May 3, 2012, HSBC telephoned Hartman's cell phone at least ninety-three (93) times using an automated telephone dialing system. Many times, Hartman received several calls within minutes of each other, despite the Cease & Desist Letter.

13. During that time period, Hartman verbally instructed HSBC to stop calling him on his cell phone and that he could not pay the Debt. HSBC ignored Hartman's instructions and continued calling him on his cell phone using an automated telephone dialing system.

14. The calls from HSBC only stopped once HSBC sold the Debt to another institution.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT HSBC

15. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq.*

16. Plaintiff re-alleges and incorporate paragraphs 1 through 14, as if fully set forth herein.

17. Defendant is engaged in the business of soliciting consumer debts for collection and collecting consumer debts and is a "person" under Fla. Stat. §559.72, and is therefore subject to Fla. Stat. §559.55 *et seq.*

18. The Debt is a "consumer debt" as defined by Fla. Stat. § 559.55(1) because it is for primarily personal, family, or household purposes.

19. Defendant communicated certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

20. Through the conduct described in paragraphs 7 - 12 above, Defendant violated the following provisions of the FCCPA:

21. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) . . . assert the existence of some other legal right when such person knows that the right does not exist

22. Defendant violated the above sections of the FCCPA when Defendant: (1) willfully abused Plaintiff by repeatedly violating Plaintiff's instructions to cease calling him; (2)

willfully abused Plaintiff by repeatedly calling him after he explained that he could not pay the Debt, when there was no legitimate reason to continue calling Plaintiff except for purposes of harassment; and (3) asserted the right to violate the TCPA by making numerous collection calls to Plaintiff's cell phone without Plaintiff's express consent, using an automated dialing system.

23. All conditions precedent to this action have occurred, have been satisfied or have been waived.

24. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, HSBC is liable to Plaintiff for her actual damages, statutory damages, and reasonable attorney's fees and costs.

25. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against HSBC, finding that HSBC violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE TCPA BY DEFENDANT HSBC

26. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

27. Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth here-in.

28. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

29. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --
   (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed at least ninety-three (93) calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

31. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

32. All conditions precedent to this action have occurred, have been satisfied or have been waived.

33. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

34. Based upon the willful, knowingly, and intentional conduct of the Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

Dated: April 18, 2014                              Respectfully Submitted,

**CENTRONE & SHRADER, LLC**
1710 N. 19th Street, Suite 205
Tampa, Florida 33605
Phone: (813) 360-1529
Fax:   (813) 336-0832

**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF, RICHARD HARTMAN

I, Richard Hartman, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____          4/16/2014
Richard Hartman                           Date