**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RICHARD HARTMAN,**

    **Plaintiff,**

**v.**                                                       **Case No: 8:14-cv-00931-MSS-TBM**

**HSBC CARD SERVICES, INC.**
**d/b/a ORCHARD BANK,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Unopposed Motion to Set Aside Clerk's Entry of Default and Extend Deadline to File a Response to the Complaint. (Dkt. 11)  Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendant's Unopposed Motion to Set Aside Clerk's Entry of Default and Extend Deadline to File a Response to the Complaint.

### I. PROCEDURAL HISTORY

Plaintiff, Richard Hartman, filed the Complaint in this action against Defendant, HSBC Card Services, Inc., on April 18, 2014. (Dkt. 1)  Defendant was served on April 22, 2014 via its register agent, CT Corporation. (Dkt. 5)  Defendant failed to file a responsive pleading or motion within the time specified under Federal Rule of Civil Procedure 12(a), and Plaintiff filed a Motion for Entry of Clerk's Default against Defendant on May 14, 2014. (Dkt. 7)  The Clerk of Court entered a default against Defendant on May 15, 2014. (Dkt. 8).

1

**II.     DISCUSSION**

In its motion, Defendant requests that the Clerk's Entry of Default be set aside because Defendant's failure to respond was the result of inadvertent internal oversight. Defendant explains that it did not learn of this matter until August 15, 2014, when Plaintiff's counsel contacted counsel for Defendant to inquire as to why an Answer had been filed by Defendant in a related case, but not in this case. Upon investigation, Defendant determined that its registered agent, CT Corporation, incorrectly categorized the Summons and Complaint, causing them to be improperly delivered and not discovered by counsel for Defendant until Plaintiff's Counsel contacted him on August 15, 2014. Additionally, Defendant asserts that it intends to present a meritorious defense in this matter and has acted promptly to resolve this issue upon discovering the error. Defendant informs the Court that Plaintiff does not oppose Defendant's request to set aside the Clerk's Entry of Default, nor its request to extend the deadline to respond to the Complaint to on or before August 25, 2014.

Under Rule 55 (c) of the Federal Rules of Civil Procedure, the Court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55 (c). "Good cause" is a mutable standard that can vary from situation to situation. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citing Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)). Although "good cause" is not susceptible to a precise formula, common guidelines governing this standard include whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. Id.

The Court finds that the entry of default in this matter stems not from willful or culpable conduct, but from an inadvertent internal oversight. Accordingly, the Court finds that Defendant has met the standard for showing "good cause." Plaintiff does not oppose the Motion and will not be prejudiced by the Court's setting aside the default or granting an extension of time in this matter.

In accordance therefore, it is **HEREBY ORDERED**:

1. Defendant's Unopposed Motion to Set Aside Clerk's Entry of Default and Extend Deadline to File a Response to the Complaint (Dkt. 11) is **GRANTED**. Defendant shall have up to and including August 25, 2014 to file its Response to the Complaint.

2. The Clerk's Entry of Default (Dkt. 8) is **SET ASIDE.**

3. Plaintiff's Motion for Default Judgment (Dkt. 9) is **DENIED as moot.**

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of August, 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person